## In the Matter of the Estate of HENRY F. ELIAS, Deceased.

Surrogate's Court, New York County, October 19, 1926.

**Surrogate's Court — contestants seek examination of subscribing witnesses residing out of county — contestants, under Surrogate's Court Act, §§ 141 and 316, and Civil Practice Act, §§ 299 and 1539, must pay witness' fees.**

Contestants to the probate of a will, who seek, under section 141 of the Surrogate's Court Act, to have an examination of a subscribing witness who resides out of the county, must pay the witness's fees, under sections 141 and 316 of the Surrogate's Court Act, and sections 299 and 1539 of the Civil Practice Act.

APPLICATION for order vacating notice for examination of subscribing witness unless contestants pay witness fees and expenses.

*Charles A. Strauss*, for the proponents.

*Lind & Marks* [*Alfred D. Lind* of counsel], for the contestants.

FOLEY, S.   This is an application for an order vacating a notice for the examination of a subscribing witness, unless the contestants pay the witness the usual subpœna fees and her reasonable expenses during her stay in New York.   The particular witness resides at Herkimer in this State.   The notice for the examination was served by the contestants under section 141 of the Surrogate's Court Act (as amd. by Laws of 1925, chap. 575).   The contestants contend that that section imposes upon the proponents the duty of producing the witness and that the proponent should pay the traveling expenses of the witness to the place of examination.   I find no such requirement in the section, which reads: " * * * Any party to the proceeding, before filing objections to the probate of said will, may request the oral examination of the subscribing witnesses thereto and may examine such witnesses and any other witness produced by the proponent before the surrogate, without first filing objections to the probate of such will."

I hold that the witness fees prescribed in section 1539 of the Civil Practice Act must be paid by the party seeking the examination.   That section provides: " A witness in an action or a special proceeding attending before a court of record or a judge thereof is entitled, except where another fee is specially prescribed by law, to fifty cents for each day's attendance; and, if he resides more than three miles from the place of attendance, to eight cents for each mile going to the place of attendance."

Section 299 of the Civil Practice Act reads as follows: " A

witness may be subpœnaed to attend and testify in any examination held within the State under this article, as upon a trial. When a witness is so subpœnaed or an order for any such examination at a stated time is served, in lieu of a subpœna, upon the witness, pursuant to a direction in the order, witness fees at the rate prescribed by law in an action in the supreme court shall be paid or tendered to him.    *    *    * ''

These sections of the Civil Practice Act are made applicable to proceedings in this court by section 316 of the Surrogate's Court Act. (*People ex rel. Lewis* v. *Fowler*, 229 N. Y. 84; *Matter of Hodgman*, 113 Misc. 215, 217.)

From a reading of all the sections applicable to the point at issue, it will be seen that the statutory scheme imposes the duty of compelling the attendance of a witness upon the party seeking the examination. To hold otherwise might, in certain cases, place a proponent in the position of having to produce a recalcitrant or hostile witness, or one not within his control, merely at the request of a contestant. Where the subscribing witnesses are within the control of the proponent and reside within the county, a request of the proponent should be sufficient to procure their attendance. Where the witness is not within proponent's control, or his residence is at a distant point, the examination may be enforced by service of the order of the surrogate accompanied by the payment of the legal fees of a witness. The application is granted, therefore, to the extent of requiring the contestant to pay to the witness the statutory fees prescribed in section 1539 of the Civil Practice Act. Submit order on notice accordingly.