OPINION OF THE COURT
C. Raymond Radican, J.
In this contested probate proceeding, the proponent seeks to disqualify counsel for the objectants.
The decedent, Cosmo Bartoli, died on June 5, 1986, survived by four children, Onofrio Bartoli, Lucia (Lucy) Tominaro, Maria Rosa (Rose) Parrelli and Francesca (Frances) Ciliberti. The instrument offered for probate, dated May 17, 1986, devises a life estate in real property to a Rosemarie Moerck, with remainder to Onofrio and the children of Francesca. The same remaindermen each receive a bequest of $10,000, an *500 automobile is bequested to a grandchild, Martha, and the instrument specifically excludes Lucia, Maria Rosa and Francesca. In a prior instrument dated July 10, 1981, $10,000 is bequeathed to Francesca and $10,000 to Onofrio, specific bequests are made to grandchildren, an automobile is bequeathed to Maria Rosa, and the residuary estate is divided between Maria Rosa and Lucia. Maria Rosa and Lucia object to probate of the May 17, 1986 instrument on the grounds of lack of testamentary capacity, fraud and undue influence. An attorney associated with the firm of Morris and Eisenberg, counsel for the objectants, drafted the instrument dated July 10, 1981.
The proponent seeks to disqualify the firm of Morris and Eisenberg on the grounds that the firm’s representation of the objectants violates Code of Professional Responsibility DR 4-101. The proponent argues that the attorneys have now taken a position which is in opposition to their former client, Cosmo Bartoli, whom they represented in connection with the drafting of the July 10, 1981 instrument and two real estate transactions.
The proscription against accepting a case against a former client (Code of Professional Responsibility DR 4-101) applies where there is a reasonable inference that confidential information was disclosed to the attorney and the information is relevant to the issues in the pending litigation (Grover v Virdi, 130 AD2d 710; Flaum v Birnbaum, 107 AD2d 1087). The prior real estate transactions are not sufficiently related to require disqualification under the rule.
The argument for disqualification under DR 4-101, based on the drafting of the July 10, 1981 instrument by an attorney associated with Morris and Eisenberg, presupposes the validity of the instrument which has been offered for probate. It assumes that the later instrument is a valid will and that by opposing the later instrument on behalf of the objectants the attorneys have taken a position which is adverse to their former client. The question of the validity of the instrument, however, awaits determination.
The proponent further contends that the attorneys for the objectants are disqualified to appear as trial counsel pursuant to Code of Professional Responsibility DR 5-102 (B) on the grounds that Mr. Eisenberg will be called as a witness regarding conversations which took place at a real estate transaction. The proponent alleges that on July 30, 1983, at the *501 closing of title to real property, "Mr. Eisenberg was upset and disgusted with the conduct of the objectants and the manner in which they were treating their father, the decedent”. The proponent further contends that Mr. Eisenberg will most likely be called by the proponent to testify regarding the alleged argument. Mr. Eisenberg concedes that he was present at the closing but denies that there was any conflict between the decedent and the objectants. The proponent, however, is entitled to call Mr. Eisenberg to substantiate his version of the events. The transaction has given rise to disputed facts (Two’s Co. v Transamerica Ins. Co., 653 F Supp 255) and the proponent has sufficiently established that the testimony is necessary (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437).
Moreover, Code of Professional Responsibility DR 5-102 (A) may require disqualification on the grounds that Mr. Kurzer is a necessary witness on behalf of the objectants. Mr. Kurzer is the attorney/draftsman of the instrument dated July 10, 1981 pursuant to which the objectants are primary beneficiaries of the estate. The testimony of Mr. Kurzer may be of substantial importance to the objectants. Where a sophisticated client has made an informed decision to forego his attorney’s testimony that decision must be given serious weight (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra). However, the court is not satisfied that such an informed choice was made in this case, despite the affidavit of the objectants.
For the foregoing reasons, the court finds that the firm of Morris and Eisenberg should be disqualified as trial counsel in this proceeding. This matter will appear on the court’s calendar for trial on December 18, 1987 at 9:30 a.m.