■ JEFFREY PLOTKIN et al., Appellants, v INTERCO DEVELOPMENT CORPORATION et al., Respondents. (And a Third-Party Action.)—In an action to recover damages for breach of contract, *inter alia,* to construct a house on certain real property, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Kelly, J.), dated October 9, 1986, which granted the motion of the defendants Interco Development Corporation and Stuart Horn, joined in by the defendant Carole Novick doing business as Carole Novick Realty, to disqualify Julian A. Schulman as the plaintiffs' attorney on the ground that he is a necessary witness.

Ordered the order is reversed, with one bill of costs payable

by the respondents appearing separately and filing separate briefs, and the motion to disqualify the plaintiffs' attorney is denied.

The action at bar was commenced by the plaintiffs in June 1985 and seeks damages premised upon an alleged breach of a contract, *inter alia,* for the development of certain real property owned by the defendant Interco Development Corporation (hereinafter Interco). The material allegations of the complaint, as amplified by the affirmations submitted with respect to the motion in issue here, reveal that the plaintiffs contracted with the defendant Interco for the purchase of real property on which Interco was to construct a residence according to specifications in pertinent portions of the contract. Thereafter, a dispute arose, *inter alia,* with respect to the cost and type of residence contemplated by the contract specifications. Approximately eight months after the parties entered into the contract—and after a series of unsuccessful negotiations were conducted during this period—the defendant Interco allegedly repudiated the contract. Thereafter, the plaintiffs commenced the action at bar, alleging that Interco's repudiation of the contract was "willful, wrongful and without just cause".

About one year after the commencement of suit, the defendants Interco and Horn moved to disqualify the plaintiffs' counsel, Julian A. Schulman, under Code of Professional Responsibility DR 5-102 (B). That motion was joined in by the defendant Carole Novick, doing business as Carole Novick Realty. Code of Professional Responsibility DR 5-102 (B) states that, "[i]f, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client". According to the defendants Interco and Horn, since Schulman played an "integral part" in the negotiations concerning the dispute over the contract specifications his testimony will be "essential" to the defense, thereby necessitating his disqualification as plaintiffs' counsel pursuant to DR 5-102 (B). Notably, in his affirmation, the defense counsel failed to elaborate as to precisely what testimony of Schulman was required by the defense or why such testimony would be prejudicial to the plaintiffs. In opposition to the motion, the plaintiffs argued (1) that there existed correspondence and other documentation which amply illuminated the parties' respective contentions and conduct during the negotiating

period, and (2) that the plaintiffs themselves were privy to the key events leading up to the cancellation of the contract and are available to testify to these occurrences. The Supreme Court granted the motion and disqualified Schulman as the plaintiffs' counsel. We reverse.

Recently, in *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.* (69 NY2d 437, 444), the Court of Appeals observed that the Code of Professional Responsibility—while entitled to vigorous enforcement where equitable and appropriate—is "not [to] be mechanically applied when disqualification is raised in litigation". Rather, the Code must be construed flexibly, so as to provide " 'guidance for the courts in determining whether a case would be tainted by the participation of an attorney or a firm' " *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 444-445, quoting *Armstrong v McAlpin,* 625 F2d 433, 446, n 26, *vacated on other grounds* 449 US 1106). This is because disqualification impinges upon the rights of a litigant by depriving him of the attorney of his choice and by potentially stalling or derailing proceedings, thereby "redounding to the strategic advantage of one party over another" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 443). The court further cautioned that "[d]isqualification may be required only when it is likely that the testimony to be given by the witness is necessary" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 445-446). Further, "[a] finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 446). Finally, the court observed that even though the testimony involved may be relevant and highly useful, it may still not be strictly "necessary" for the purposes of disqualification.

Application of the foregoing principles within the context of the facts presented at bar reveals that the respondents failed to discharge their burden of establishing that Schulman's participation would result in unfairness or taint the proceedings *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 444-445). At bar, the movants' conclusory allegations with respect to Schulman's involvement in the negotiations are insufficient to establish a plausible basis for his disqualification as the plaintiffs' counsel in the case. Although the defendants Interco and Horn contend that they will call Schulman as a witness for the defense and that his testimony is "essential", they fail to explain precisely what testimony

they require, why they require it, and in what respect Schulman's testimony will be prejudicial to the plaintiffs *(see,* Code of Professional Responsibility DR 5-102 [B]). We note, moreover, that the defendants Interco and Horn delayed in seeking Schulman's disqualification for a period of about one year from the commencement of the action, even though they were well aware of Schulman's alleged "integral" role in the negotiations, the very basis upon which they now claim that his disqualification is required. Further, the defendants Interco and Horn have failed to rebut the plaintiffs' contentions that: (1) the pertinent events occurring during the negotiating period are memorialized in correspondence and other documentation obviating the need for Schulman's testimony other than for authentication purposes, if so required, and (2) that the plaintiffs themselves were present during various conferences and are available to testify to the key events surrounding the parties' dispute concerning the house construction plans.

In light of the foregoing, and considering the admonition of the Court of Appeals that the right to counsel of one's choice is a "valued right" whose restriction "must be carefully scrutinized" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 443, *supra),* we conclude that the motion to disqualify Schulman should have been denied. Lawrence, J. P., Kunzeman, Kooper and Balletta, JJ., concur.