■ In the Matter of the Estate of COSMO BARTOLI, Deceased. MARIA R. BARRELLI et al., Appellants; GELCAIO M. CORDELLO, Respondent.—In a probate proceeding, the objectants appeal from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated December 9, 1987, which granted the respondent's motion to disqualify the law firm of Morris and Eisenberg from acting as trial counsel for the objectants.

Ordered that the order is affirmed, with costs payable to the respondent by the appellants.

It is well settled that an attorney may not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a member of his firm ought to be called as a witness *(see,* Code of Professional Responsibility DR 5-101 [B]; *Brill v Friends World Coll.,* 133 AD2d 729; *Solomon v New York Prop. Ins. Underwriting Assn.,* 118 AD2d 695), and, "once representation is undertaken, the lawyer must withdraw as advocate if it appears that he must testify on behalf of his own client, or if it appears that he will be called as a witness to testify for the adverse party, where his testimony may be prejudicial to the client he is representing" *(People v Paperno,* 54 NY2d 294, 300).

Our review of the instant record reveals that Surrogate Radigan properly disqualified the law firm of Morris and Eisenberg from representing the objectants in this proceeding on two grounds: (1) Mr. Kurzer, an associate of the law firm, will be a necessary witness on behalf of the objectants since he was the draftsman of a previous will, executed by the decedent, under which the objectants herein were primary beneficiaries of the estate; and (2) Mr. Eisenberg will most likely be called as a witness by the proponents regarding conversations between the decedent and the objectants which allegedly took place at a real estate closing at which Mr. Eisenberg appeared on behalf of the decedent. Under the particular facts and circumstances of this case, we find no reason to disturb the Surrogate's order. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur. *[See,* 137 Misc 2d 499.]