■ CICERO & PASTORE ASSOCIATES, INC., Respondent, v PATCHOGUE NURSING CENTER, Appellant.—In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 26, 1988, which granted the plaintiff's motion for an order disqualifying its attorneys.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff is engaged in the business of providing consulting services to the health care industry, particularly with respect to compliance with governmental regulations. It is not disputed that such services were provided to the defendant, whose attorneys have served as both its general and litigation counsel for some 15 years. During the course of its performance, the plaintiff's principal met and worked with the defendant's attorneys in conjunction with litigation commenced by the defendant concerning its loss of governmental funding. The nature, quality and value of the plaintiff's work, most of which was performed at the defendant's premises outside the presence of the defendant's attorneys, are at issue in this litigation. Also at issue are some of the terms of the apparently oral contract between the plaintiff and the defendant, which, it is not disputed, was not negotiated on the defendant's behalf by its attorneys.

Approximately one year after commencement of this litigation, the plaintiff applied for disqualification of the defendant's attorneys *(cf., Plotkin v Interco Dev. Corp.,* 137 AD2d 671, 674), asserting that, because of their knowledge of the plaintiff's performance, their testimony at trial would "shed light" on the "essence" of the parties' dispute. Implying that it would call the defendant's attorneys as witnesses, the plaintiff urged, without supporting detail, that their testimony would be prejudicial to the defendant *(see,* Code of Professional Responsibility DR 5-102 [B]; *see also, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 446). In subsequent papers submitted to the Supreme Court, it also argued that because of their "personal knowledge", the defendant's attorneys "ought" to be called as witnesses by the defendant *(see,* Code of Professional Responsibility DR 5-102 [A]). In opposition to the motion, the defendant, *inter alia,* made clear it had no intention of calling the attorneys as witnesses on its behalf *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 445). It also asserted without meaningful contradiction that 95% of the work performed by the plaintiff took place at the defendant's premises outside the presence of its attorneys.

We conclude from the record before us that the plaintiff has failed to discharge its burden of demonstrating that disqualification is warranted *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 445; *Plotkin v Interco Dev. Corp., supra,* at 673). There is no showing that the attorneys' testimony is necessary *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 445-446) and no indication that any unfavorable inference could be drawn because of the attorneys' failure to testify *(see, Hoerger v Board of Educ.,* 129 AD2d 659, 660; *see also, Hempstead Bank v Reliance Mtge. Corp.,* 81 AD2d 906). There is thus no basis for disqualification of counsel because of the guiding principles of Code of Professional Responsibility DR 5-102 (A) *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra).* Moreover, the conclusory assertion that if the plaintiff were to call the attorneys as witnesses, the testimony they would give would be prejudicial to the defendant, is insufficient to warrant disqualification pursuant to Code of Professional Responsibility DR 5-102 (B) *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 446; *see also, Plotkin v Interco Dev. Corp., supra).* Lawrence, J. P., Sullivan, Harwood and Balletta, JJ., concur.