■ CLAUDE JOLICOEUR, Respondent, and SANDRA LESTER, Respondent-Appellant, v AMERICAN TRANSIT INSURANCE COMPANY, Appellant-Respondent.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about January 17, 1989, which denied defendant's motion for summary judgment and disqualification of plaintiffs' counsel, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

Summary judgment was properly denied. Questions of fact exist as to whether or not defendant's conduct, in stating in open court that there was $500,000 in total coverage, allowing that representation to stand uncorrected for three years, and then stating, on the eve of trial, that it did not know whether or not there was more than $100,000 in coverage, constitutes actionable bad faith (see, DiBlasi v Aetna Life & Cas. Ins. Co., 147 AD2d 93, 98), and if bad faith, whether it constituted a criminal indifference to civil obligations warranting punitive damages (Samovar of Russia Jewelry Antique Corp. v Generali, 102 AD2d 279, 282).

Defendant's motion to disqualify plaintiffs' counsel was properly denied. Defendant failed to explain precisely what testimony it requires, why it requires it, and in what respect the testimony of plaintiffs' counsel would be prejudicial to the plaintiffs if defendant calls counsel as a witness (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437; Plotkin v Interco Dev. Corp., 137 AD2d 671, 673-674). Concur—Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ.