■ LUK LAMELLEN U. KUPPLUNGSBAU GMBH, Appellant, v HERBERT L. LERNER, Respondent.—In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated June 13, 1989, which granted the defendant's motion to disqualify the plaintiff's attorney.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff, a West German corporation, retained the defendant, a patent attorney, to prepare, file and prosecute a United States patent application for a "Maucher friction clutch". The Maucher friction clutch is a West German invention, owned by the plaintiff, and for which a West German patent application had already been filed when the defendant was retained. The defendant prepared and filed the United States application based on the West German application. The United States patent was issued on May 21, 1974.

In 1977, the plaintiff became aware that its patent was being infringed by a French corporation, formerly known as Societe Anonyme Francaise du Ferodo (Ferodo), and now known as Valeo. In May 1979, Ferodo commenced an action in the United States District Court for the District of Columbia for, inter alia, a judgment declaring the noninfringement of its friction clutch and the invalidity of the plaintiff's patent.

In October 1979, the plaintiff discovered that the defendant had made an error in the preparation of the patent application and applied to the United States Patent and Trademark Office for a certificate of correction. When the initial submission was denied, a petition for reconsideration was submitted. A certificate of correction was finally issued on August 3, 1982.

This action was commenced against the plaintiff's former attorney, Herbert L. Lerner, on or about December 1983. In January 1989, Peter Kontler was substituted as counsel for

the plaintiff. Kontler had previously represented the plaintiff, commencing in 1979, in the District Court action and the Patent and Trademark Office proceedings. The defendant moved to disqualify Kontler on the ground that he intends to call him as a witness at trial and that his testimony would be prejudicial to the plaintiff.

When an attorney is called as a witness for the adverse party, he should be disqualified as counsel if his testimony may be prejudicial to his own client (see, Code of Professional Responsibility DR 5-102 [B]; *Ocean-Clear, Inc. v Continental Cas. Co.,* 94 AD2d 717). However, the Court of Appeals has recently observed in *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.* (69 NY2d 437) that, while the Code of Professional Responsibility is entitled to vigorous enforcement where equitable and appropriate, it is "not [to] be mechanically applied when disqualification is raised in litigation" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 444). Rather, the code must be construed flexibly, so as to provide " 'guidance for the courts in determining whether a case would be tainted by the participation of an attorney or a firm' " *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 444-445, quoting *Armstrong v McAlpin,* 625 F2d 433, 446, n 26, *vacated on other grounds* 449 US 1106). Because disqualification impinges on the rights of a litigant by depriving him of the attorney of his choice and by potentially stalling proceedings, thereby "redounding to the strategic advantage of one party over another" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 443), it "may be required only when it is likely that the testimony to be given by the witness is necessary" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 445-446). "A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 446). Although the proposed testimony may be relevant and highly useful, it still may not be strictly "necessary" for the purpose of disqualification *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 446; *see also, Plotkin v Interco Dev. Corp.,* 137 AD2d 671, 673).

The defendant, as the moving party, has the burden of establishing that the continued representation of the plaintiff by Kontler would constitute a violation of DR 5-102 (see, *Lefkowitz v Mr. Man,* 111 AD2d 119). The defendant has failed to meet his burden. Kontler's projected testimony has not been shown to be sufficiently adverse to the factual

assertions or account of events offered on behalf of the plaintiff to warrant his disqualification *(see, Ocean-Clear, Inc. v Continental Cas. Co., supra)*. Moreover, there is no showing that his testimony is necessary *(see, Cicero & Pastore Assocs. v Patchogue Nursing Center,* 149 AD2d 647, 648). Thompson, J. P., Lawrence, Eiber and Ritter, JJ., concur.