■ In the Matter of NICHOLAS MOCCIO, Deceased. PATRICIA L. MOCCIO, Appellant; ROCHELLE J. DE ANGELIS, Respondent. —In a contested probate proceeding, the proponent appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Westchester County (Brewster, S.), dated February 27, 1990, as granted those branches of the objectant's motion which were for the deposition of a third-party witness, the payment by the proponent of stenographic fees incurred on the depositions of the attesting witnesses, and the disqualification of the proponent's counsel.

Ordered that the order is modified, on the law, and as a matter of discretion, by deleting the first, fourth and fifth decretal paragraphs thereof, and substituting therefor provisions (1) denying that branch of the motion which was to disqualify the proponent's counsel, and (2) directing the proponent and the objectant to each personally pay one-half of the $647.80 cost of the stenographic services rendered in connec-

tion with the depositions of the attesting witnesses; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Westchester County, to set the time for payment of the $647.80 cost of the stenographic services.

The Surrogate did not improvidently exercise his discretion in ordering the deposition of a nonparty witness who was a former legal secretary of the testator, an attorney. The non-party witness may have typed the lost will at issue in this case. Moreover, the objectant alleges that the proponent asked the witness to falsely assert that she had typed the alleged lost will, when, in fact, she never saw the alleged will before the proponent showed her a photocopy. This touches on both the history of the alleged lost will and the credibility of the proponent, and gave the court ample cause to find that special circumstances were present (see, CPLR 3101 [a] [4]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403; *Dioguardi v St. John's Riverside Hosp.*, 144 AD2d 333, 334; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:22, at 34). As to the fee for stenographic services, neither party was wholly responsible for what appears to be a misunderstanding occasioned by the unavailability of the official court reporters (see, 22 NYCRR 207.28). We disagree with the Surrogate that SCPA 1404 mandates payment by the proponent (cf., *Matter of Wolfle*, 46 Misc 2d 808; *Matter of Elias*, 128 Misc 122), and, therefore, in the exercise of our discretion, direct the parties to divide the cost equally.

Under the circumstances present here, disqualification of the proponent's counsel pursuant to the advocate-witness rule was unwarranted. A letter from the proponent's counsel to the nonparty witness concerning the typing of the lost will at issue, and the law firm's possession of the "original photocopy" it received from the proponent and which was offered in lieu of that lost will, formed the bases for the objectant's application to disqualify the proponent's counsel. The proponent did not waive the attorney-client privilege with regard to her communications with counsel on the subject of her contacts with the nonparty witness simply because in counsel's letter to that witness, counsel said that the proponent informed him that the nonparty witness had typed the lost will. The attorney-client privilege was not counsel's to waive (see, CPLR 4503; *People v Osorio*, 75 NY2d 80, 84) and may be raised if the objectant calls the proponent's attorney to testify as to his conversations with the proponent regarding the nonparty witness. Since both the proponent and the nonparty

witness are available, the attorney's testimony is not necessary *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 446; *Cicero & Pastore Assocs. v Patchogue Nursing Center,* 149 AD2d 647, 648). The record does not reveal any substantive issue which might be implicated by the firm's possession of the "original photocopy" of the will. With no showing that the photocopy may have been altered at the firm or removed and returned prior to filing in the Surrogate's Court, the attorneys (or their employees) can at best be expected to have some knowledge of when they received the document from the proponent, and how it was handled for purposes of making additional copies. This information, however, concerns no more than office procedure cognizable under the Code of Professional Responsibility DR 5-101 (B) (2) as "matter[s] of formality". Although the objectant attempts to make a contested issue of the unstapling and photocopying at the attorney's office, there is nothing in the record to indicate that substantial evidence will be offered in opposition to any testimony about these procedures. Moreover, it is not apparent that such testimony "is or may be prejudicial" to the proponent-client (Code of Professional Responsibility DR 5-102 [B]). In view of the foregoing, disqualification was improvidently granted *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra; Cicero & Pastore Assocs. v Patchogue Nursing Center, supra; see also, Plotkin v Interco Dev. Corp.,* 137 AD2d 671, 673). Miller, P. J., O'Brien, Ritter and Copertino, JJ., concur.