**PARKE–HAYDEN, INC., Plaintiff,**

v.

**LOEWS THEATRE MANAGEMENT CORP., Defendant.**

**No. 91 Civ. 0215 (RWS).**

United States District Court, S.D. New York.

July 27, 1992.

---

9. Plaintiff also makes reference to a conspiracy in his complaint. Complaint, paragraph 5.

Davis & Gilbert (Bruce Ginsberg, of counsel), New York City, for plaintiff.

Marks & Murase (Lance Gotthoffer, Glenn T. Ikeda, of counsel), New York City, for defendant.

## OPINION

SWEET, District Judge.

Defendant Loews Theatre Management Corp. ("Loews") has moved by order to show cause for an order pursuant to DR 5–102(B) of the Disciplinary Rules of the Code of Professional Responsibility ("DR 5–102(B)"), 22 N.Y.C.R.R. § 1200.21, disqualifying the firm of Davis & Gilbert from

representing plaintiff Parke–Hayden, Inc. ("Parke–Hayden").

The facts of this case have been discussed in detail in a prior opinion of this court, familiarity with which is assumed. *See Parke–Hayden, Inc. v. Loews Theatre Mgt. Corp.*, 789 F.Supp. 1257 (S.D.N.Y. 1992) (the "Opinion").

On June 1, 1992, Loews moved by order to show cause for an order, among other things compelling the deposition of Robert P. Reichman ("Reichman"). Reichman is an attorney at Davis & Gilbert who provided legal services to Broadway–72 Associates (the "Owner"), prior to becoming associated with Davis & Gilbert. In a bench ruling on June 9, 1992, this court granted Loews's application to the extent of ordering Reichman's deposition. After conducting Reichman's deposition, Loews brought the present motion by order to show cause on July 15, 1992. The motion was made returnable on July 21, 1992, at which time oral argument was heard and the motion considered fully submitted.

By this action, Parke–Hayden seeks to obtain from Loews a brokerage commission relating to a proposed lease between Loews and the Owner on the grounds that it was impliedly employed by Loews to procure the lease. At the time the proposed lease was being negotiated, Reichman, then a member of the firm of Dreyer & Traub, represented the Owner in the negotiations. Although Loews has characterized Reichman as the Owner's "principal negotiator," the prominence of his role has not been established by fact. It is uncontested, however, that Reichman was privy to conversations between Loews and the Owner and had many conversations himself with Loews representatives regarding the proposed lease. In response to interrogatories, Parke–Hayden has identified Reichman as one of four people having knowledge of facts material to this case.

Sometime after the events at issue in this litigation, Reichman left Dreyer & Traub and joined Davis & Gilbert.

Referring to the Opinion, Loews characterizes the "case dispositive issues at trial"

to include (1) the terms of the lease to which Loews supposedly agreed; (2) whether the Owner was ready, willing and able to meet Loews's terms; and (3) whether Loews had the right to perform physical tests on the Property, as defined in the Opinion, to assure no adverse rock or asbestos condition existed prior to obligating itself to the lease. Loews maintains that, as "chief negotiator" for the Owner in connection with the transaction, Reichman is the only non-party witness who can testify as to facts relevant to these issues. Moreover, based on Reichman's deposition and various documents submitted as exhibits to Loews's motion, Loews maintains that his testimony may be prejudicial to Parke–Hayden.

Loews's motion to disqualify Davis & Gilbert is based on DR 5–102(B), which provides that:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in his firm may be called as a witness other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client at which point the lawyer and the firm must withdraw from acting as an advocate before the tribunal.

Loews argues that this rule mandates Davis & Gilbert's withdrawal because Reichman, a lawyer in the firm of Davis & Gilbert, "may" be called as a defense witness and because his testimony "is or may be prejudicial" to Parke–Hayden.

■ In view of the potential for use as a tactical device, motions to disqualify are subject to "fairly strict scrutiny, particularly motions under subdivision (B) [of DR 5–102]." *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir.1989). Although a literal reading of DR 5–102(B) mandates disqualification merely on the showing that the potential testimony of a witness-advocate *may* be prejudicial to the party his firm represents, under New York law the party seeking disqualification must demonstrate that it is likely that the " 'testimony to be given by the witness is necessary' " and that it is substantially likely to be prejudicial to the

party represented by his firm. *Luk Lamellen U. Kupplungsbau GmbH v. Lerner*, 167 A.D.2d 451, 452–53, 562 N.Y.S.2d 134 (2d Dep't 1990) (quoting *S & S Hotel Ventures Ltd. Partnership v. 777 S.H. Corp.*, 69 N.Y.2d 437, 515 N.Y.S.2d 735, 508 N.E.2d 647 (1987)); *see also, e.g., Plotkin v. Interco Dev. Corp.*, 137 A.D.2d 671, 524 N.Y.S.2d 763 (2d Dep't 1988); *In re Estate of Bartoli*, 137 Misc.2d 499, 521 N.Y.S.2d 392 (Surr.Ct. Nassau County 1987), *aff'd*, 143 A.D.2d 830, 533 N.Y.S.2d 324 (2d Dep't 1988); *L–S Plate & Wire Corp. v. Federal Ins. Co.*, N. 88 Civ. 0706, slip op. at 4, 1989 WL 32797 (S.D.N.Y. Mar. 28, 1989) (movant must demonstrate genuine necessity for testimony and substantial prejudice); *Rice v. Baron*, 456 F.Supp. 1361, 1371 (S.D.N.Y.1978) (movant bears burden of establishing existence of factors warranting disqualification).

■ In determining the "necessity" of the testimony, a court should consider such factors as the significance of the matter, the weight of the testimony and the availability of other evidence. *S & S Hotel Ventures Ltd. Partnership*, 69 N.Y.2d at 446, 515 N.Y.S.2d 735, 508 N.E.2d 647. For testimony to be "prejudicial" under the rule,

> the "projected testimony of a lawyer or firm member must be sufficiently adverse to the factual assertions or account of events offered on behalf of the client such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony." Furthermore, the moving party "bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring is substantial."

*Rice*, 456 F.Supp. at 1371 (citations omitted), *quoted in Lamborn*, 873 F.2d at 531.

■ Loews first maintains that Reichman's testimony as to certain consents from the Owner's mortgagee and limited partners may be prejudicial to Parke–Hayden because it will demonstrate that the Owner was not "ready, willing and able" to enter into the lease as of April 17, 1990. According to Loews, these consents were

necessary to allow the Owner to enter into the lease. Reichman testified that it was his understanding that, absent these consents:

> [t]here would be no transaction I presume. And the reason I say I presume is because I think there was also a possibility that, and I don't recall the general partners getting into this fact, the consent was not required but they determined to go ahead and get the consent anyway.

Reichman further testified that, as of April 17, 1990, the consents were not obtained.

Reichman also testified about the substance of a proposed escrow agreement between the Owner and Loews. According to ¶ 5 of that agreement, the effect of a failure to obtain the consents by May 31, 1991 was to render the lease of no further force and effect. *See* Danzig Aff.Ex.C. ¶ 5. The escrow agreement also states that:

> WHEREAS, as of the date hereof, Landlord has not yet obtained the consent of [the Mortgagee] . . . and the consent of the Limited Partners and, as a result, Landlord may not at this time convey a leasehold interest in the Premises to [Loews]. . . .

*See id.*

Although Reichman's testimony relates to a material element of Parke–Hayden's case, namely, whether the Owner was "able" to convey a leasehold interest to Loews, there is insufficient information before the court at this time to determine whether the testimony is likely to prejudice Parke–Hayden and whether it is "necessary" for purposes of disqualification. It is unclear, for instance, whether the Owner's failure to obtain consents from its mortgagee and limited partners would actually impair its power of alienation or whether it would simply put Loews into default under agreements with those parties. Moreover, the magical quality of the date April 17, 1990 has not been established. The escrow agreement plainly states the operative date to be May 31, 1990. Finally, any inconsistency between Reichman's testimony and Teich's testimony that consents had been obtained is not "sufficiently adverse to the factual assertions or account of events offered on behalf of the client such that the bar or the client

might have an interest in the lawyer's independence in discrediting that testimony." Assuming that Teich is an appropriate witness on this subject in the first place, he testified that he did not know what date the approvals were obtained and that he was unaware if the approvals were written or oral. Teich's testimony suggests that his understanding of "consents" was a mere oral sign-off and that he was not commenting on contractual formalities. *See* Danzig Aff.Ex. D at 136–37 ("He [Pilevsky] got in touch . . . with all his limited partners and it was agreed.").

Furthermore, Loews has not demonstrated that Reichman's testimony is "necessary" for purposes of disqualification under DR 5–102(B). First, Reichman's testimony as to the substance of the escrow agreement is unnecessary because "other evidence" is available, not the least of which is the agreement itself. *See Kirshon, Shron, Cornell & Teitelbaum P.C. v. Savarese,* — A.D.2d ——, 581 N.Y.S.2d 487 (App.Div.3d Dep't 1992) (testimony not "necessary" where cumulative of other evidence); *see also Lamborn,* 873 F.2d at 532 (not disturbing district court finding that testimony on certain issue would have been cumulative and therefore not grounds for disqualification). Second, Loews has not established that Reichman is the sole witness capable of testifying as to when the consents were or were not obtained. Presumably, the Owner's principals involved in the transaction would have this knowledge at their disposal. However, Loews brought this motion prior to the scheduled depositions of those individuals, thus rendering it impossible to determine the necessity of Reichman's testimony. Because Reichman's testimony as to the consents issue may prove to be merely cumulative, it is not appropriate to disqualify Davis & Gilbert on this basis at this time. *See id.* (disqualification premature where discovery has not been had).

Loews next argues that Reichman's testimony will be prejudicial to Parke–Hayden because it indicates Parke–Hayden's awareness that favorable rock and asbestos test results were a condition precedent to Loews entering into the lease. Loews's

assertion is unsupported by any of its factual submissions on this motion. These submissions establish nothing more than that Parke–Hayden was aware that Loews was interested in conducting tests at the Premises before the commencement of the term of the lease. However, neither Reichman's deposition testimony or the documentary exhibits to Loews's papers evidence an awareness that these tests were a condition to Loews entering into the lease. The evidence simply does not support Loews's conclusory assertion that "Mr. Reichman knew full well that Loews needed to determine whether there was a rock problem before it could agree to sign a lease." Loews Memo. at 13.

Finally, Loews argues that Reichman's testimony will be prejudicial because it conflicts with Teich's testimony as to his awareness (or lack thereof) of the projected cost of asbestos and rock removal and as to his discussions (or lack thereof) of conversations regarding the rock issue after April 20, 1992. However, given the questionable materiality of the underlying evidence, any such contradictions have not been shown to be sufficiently adverse to the Owner at this time to warrant disqualification.

For the foregoing reasons, Loews motion to disqualify Davis & Gilbert from representing Parke–Hayden is denied.

It is so ordered.