■ BALBOAA LAND DEVELOPMENT, INC., Appellant, v WILLIAM MORRIS et al., Respondents. [608 NYS2d 536] —Cardona, P. J. Appeal from an order of the Supreme Court (Best, J.), entered May 5, 1993 in Fulton County, which granted defendants' motion to disqualify plaintiff's counsel.

Plaintiff is the owner of property located in the Town of

Caroga, Fulton County, commonly known as Sherman's Amusement Park. Plaintiff's sole shareholder is attorney George Abdella, who practices law in the firm of Ernest and George Abdella (hereinafter the Abdella firm). As a result of the destruction of a sewer line carrying sewage from plaintiff's property to two lagoons located upon adjacent property owned by defendants, plaintiff, represented by the Abdella firm, commenced an action against defendants seeking both monetary damages and injunctive relief. In their answer, defendants asserted a counterclaim for trespass. Thereafter, defendants moved to disqualify the Abdella firm on the basis that George Abdella would be called as a witness at the trial of the matter. Supreme Court granted defendants' motion. Plaintiff appeals.

The rules prohibiting attorneys from representing parties in matters in which they are likely to be called as witnesses are set forth in Code of Professional Responsibility DR 5-101 [22 NYCRR 1200.20] and DR 5-102 [22 NYCRR 1200.21]. Here, citing Code of Professional Responsibility DR 5-101 (C), defendants seek to disqualify the Abdella firm on the ground that it was foreseeable from the outset that they might call George Abdella to testify on *their* behalf and that such testimony might be prejudicial to plaintiff.

Initially, we note that "while the Code of Professional Responsibility is entitled to vigorous enforcement where equitable and appropriate, it is 'not [to] be mechanically applied when disqualification is raised in litigation' " *(Luk Lamellen U. Kupplungsbau GmbH v Lerner,* 167 AD2d 451, 452, quoting *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 444).

In order to establish an easement by implication from pre-existing use upon severance of title, plaintiff must prove, by clear and convincing evidence, the following elements: "(1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious or manifest as to show that it was meant to be permanent, and (3) the use must be necessary to the beneficial enjoyment of the land retained" *(Abbott v Herring,* 97 AD2d 870, *affd* 62 NY2d 1028 [citations omitted]). Based upon this record, we are unpersuaded by defendants' conclusory allegations that when the Abdella firm undertook to represent plaintiff in its action it should have anticipated that George Abdella would be called as a witness by defendants to disprove any of the above-cited elements. Because defendants have failed to explain precisely what testimony they require

from George Abdella, why it is necessary and in what respect his testimony would be prejudicial to plaintiff *(see, Jolicoeur v American Tr. Ins. Co.,* 159 AD2d 236), they have failed to meet their burden of establishing that the representation of plaintiff by the Abdella firm constituted a violation of the Code of Professional Responsibility DR 5-101 (C) *(cf., Luk Lamellen U. Kupplungsbau GmbH v Lerner, supra,* at 452). Accordingly, we find that Supreme Court erred in granting defendants' motion for disqualification.

Mercure, Crew III, White and Weiss, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.