■ Eugene A. Kaplan, Respondent, v Maytex Mills, Inc., Appellant.—In an action to recover damages for breach of an employment contract, the defendant appeals from an order of the Supreme Court, Nassau County (Wager, J.), dated October 23, 1990, which denied its motion for leave to renew its opposition to the plaintiff's motion to disqualify its counsel, which had been granted in an order of the same court dated May 22, 1990.

Ordered that the order is reversed, on the law, with costs, the motion for leave to renew the defendant's opposition to the plaintiff's motion to disqualify counsel is granted, and, upon renewal, the order dated May 22, 1990, is vacated, and the plaintiff's motion to disqualify the defendant's counsel is denied.

The plaintiff has failed to demonstrate that the initial disqualification of the defendant's counsel was warranted *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437; *Cicero & Pastore Assocs. v Patchogue Nursing Ctr.,* 149 AD2d 647; *Plotkin v Interco Dev. Corp.,* 137 AD2d 671). There has been no showing that the counsel's testimony is necessary, since three other parties were privy to the negotiations and execution of the contract, and there is no indication

that any unfavorable inference could be drawn from the counsel's failure to testify. Further, the plaintiff failed to show that the counsel's testimony would be adverse to the defendant, or that there was a conflict of interest *(see, Frias v Frias,* 155 AD2d 585; *Futuristic Realty Corp. v Mauro,* 128 AD2d 670; *Jacobson v Van Rhyn,* 98 AD2d 764). Under these facts, we find that the plaintiff's motion was improperly granted.

As there was no basis for the disqualification of counsel pursuant to the guiding principles of the Code of Professional Responsibility DR 5-101 (B) (22 NYCRR 1200.20 [b]) and 5-102 (A) (22 NYCRR 1200.21 [a]), the motion for leave to renew the defendant's opposition to the motion to disqualify its counsel, although denominated by the hearing court as one for reargument, should have been granted, particularly in light of the revision of Code of Professional Responsibility DR 5-102 (A) (22 NYCRR 1200.21 [a]), effective September 1, 1990, which now permits a law firm to continue representation of a client even if one attorney in the firm is required to testify. We note that the return date of the motion postdated the amendment to the Code of Professional Responsibility. Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.