(October 7, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE NEWLAND, Appellant. [603 NYS2d 253] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered October 24, 1991, unanimously affirmed. Motion by appellant to enlarge the record is denied. No opinion. Concur—Murphy, P. J., Kassal, Rubin and Nardelli, JJ.

■ In the Matter of OWEN & MANDOLFO, INC., Appellant, v DAVIDOFF OF GENEVA, INC., Respondent. [602 NYS2d 369] —Order and judgment (one paper), Supreme Court, New York County (William J. Davis, J.), entered May 13, 1993, denying petitioner's application for a stay of arbitration and for disqualification of respondent's counsel, and dismissing the petition, unanimously affirmed, with costs. Appeal from the decision/ order of said court and Justice dated February 22, 1993, unanimously dismissed as superseded, without costs.

We agree with the IAS Court that petitioner has failed to establish grounds for the disqualification of respondent's law firm. Under 1990 amendments to the Code of Professional Responsibility DR 5-102 (A) (22 NYCRR 1200.21 [a]), a law firm is permitted to continue representation of a client even though one of the firm's attorneys will be called as a witness on behalf of the client before a tribunal (see, Kaplan v Maytex Mills, 187 AD2d 565). Respondent has made it clear that while the attorney who was closely involved in the design and construction project will be testifying at the arbitration proceedings, a colleague of that attorney who is "of counsel" to the firm will be acting as respondent's advocate. Petitioner has made no showing that testimony from this advocate will be necessary. Finally, petitioner's contention that a conflict of interest exists based on the law firm's role as "friend, advisor and confidant" of petitioner is unsupported by the record. Concur—Murphy, P. J., Kassal, Rubin and Nardelli, JJ.