OPINION OF THE COURT
Helen E. Freedman, J.
In this breach of contract action involving legal fees and disbursements, plaintiff David Toren raises two issues. The first, not previously addressed in New York, is whether a professional services corporation of lawyers organized under Business Corporation Law article 15 can represent itself, even though the corporation’s members cannot be held individually liable. The second issue concerns disqualification. of a particular attorney.
Plaintiff Toren seeks to disqualify John H. Doyle, III, a member of defendant Anderson, Kill & Olick, P. C. (AKO), a professional services corporation of attorneys, from representing AKO. Toren contends that, pursuant to Code of Professional Responsibility DR 5-102 (22 NYCRR 1200.21), Doyle cannot represent AKO, because Doyle ought to be called as a witness by AKO, and may be called as a witness by plaintiff.
AKO opposes on the ground that in the future it will appear pro se, and accordingly DR 5-102 does not apply. AKO also argues that, even if the Disciplinary Rule applies, there is no conflict requiring Doyle’s disqualification.
Plaintiff replies that, as a matter of law, a professional corporation like AKO cannot appear pro se.
Background
In 1991, pursuant to a five-year agreement with AKO (the Agreement), Toren became “of counsel” to AKO and took charge *25 of AKO’s intellectual property group. The parties later extended the Agreement indefinitely. AKO agreed to pay Toren a fixed annual amount, plus specified percentages of the fees from the clients that he brought to AKO. The Agreement also provided a method for calculating Toren’s reimbursable disbursements.
The parties entered into several other agreements, including: (1) an agreement regarding payment with respect to a particular AKO client, TechnoGym; (2) an agreement entered into in June 1999, after Toren gave AKO his notice of termination, which provided, inter alia, that AKO would release certain client files to him; and (3) an agreement reached on or about September 30, 1999, regarding the amounts which he had collected from clients for services rendered before his resignation, and the amounts which AKO would pay him for those services (the September 1999 Agreement).
Plaintiff seeks damages, alleging that AKO breached the various agreements, and injunctive relief with respect to, inter alia, AKO’s refusal to deliver certain files to him.
Toren contends that Doyle was involved with the events leading to this action, because he served on AKO’s Executive Committee most, if not all, of the years plaintiff was “of counsel” to the firm, because Toren and Doyle discussed AKO’s alleged continuing breaches of the Agreement, and because Doyle negotiated and signed the September 1999 Agreement for AKO, and later acknowledged AKO’s breach of that Agreement. Plaintiff argues that Doyle must be disqualified pursuant to DR 5-102 (a) and (c), because AKO should call Doyle as a witness, and pursuant to DR 5-102 (b) and (d), because Toren may call Doyle as a witness, and Doyle’s testimony is likely to be prejudicial to AKO.
Doyle disputes plaintiffs factual assertions. According to Doyle, he left the Executive Committee in February 1999, and he never discussed AKO’s alleged breaches with Toren until October 1999. Doyle claims that, until October 1999, he had no firsthand knowledge about the dispute between Toren and AKO. Doyle admits that, in mid-September 1999, Jeffrey L. Glatzer, the Executive Committee’s chairman, asked him to speak with Toren’s representative to obtain checks from AKO clients that Toren held, and that those discussions resulted in the September 1999 Agreement. Doyle acknowledges that AKO has not paid Toren pursuant to the September 1999 Agreement, but states that he had no involvement in AKO’s decision not to pay. Doyle also admits that he met with Toren in *26 November 1999, but states that the meeting was irrelevant to this litigation. Finally, Doyle claims that, if plaintiff called Doyle as a witness, Doyle’s testimony would not be prejudicial to AKO; rather, Doyle’s testimony would be consistent with AKO’s defenses and counterclaims.
In an affidavit, Glatzer states that AKO intends to proceed pro se in this matter, and confirms that Doyle did not participate in AKO’s decision not to pay plaintiff. Glatzer further states that Doyle has no personal or unique knowledge of any issues in the case, and that other AKO personnel, many of whom are no longer with the firm, dealt with plaintiff regarding Toren’s compensation.
AKO also argues that, because it intends to appear pro se, DR 5-102 does not apply, and that plaintiff has not established either that Doyle’s testimony is necessary, or that his projected testimony would be adverse to AKO’s interests.
Self-Representation By Anderson, Kill & Olick, P. C.
The threshold issue is whether AKO can be represented by its member attorneys, although they cannot be held personally liable in this action. CPLR 321 (a) provides that “[a] party * * * may prosecute or defend a civil action in person or by attorney, except that a corporation * * * shall appear by attorney.” The reason is that corporations cannot act “in person,” because corporations are fictional persons with limited liability, which are created by law (see, Matter of Sharon B., 72 NY2d 394, 398 [1988]), and unlike natural persons, corporations can only act through agents (see, Oliner v Mid-Town Promoters, 2 NY2d 63, 64 [1956]). To act in court proceedings, corporations are required under CPLR 321 (a) to appear by licensed attorneys who the court and other parties can hold accountable. (See, Matter of Sharon B., 72 NY2d, at 398.) Corporations can use outside counsel or staff counsel for appearances. (Supra.)
A professional corporation of attorneys can appear by its member lawyers. (See, Austrian, Lance & Stewart v Hastings Props., 87 Misc 2d 25, 26 [Sup Ct, NY County 1976]; cf., Gil-berg v Lennon, 212 AD2d 662, 664 [2d Dept 1995] [holding that a partnership of attorneys can appear pro se, citing Austrian with approval, and stating as dictum that CPLR 321 (a) is inapplicable to professional corporations of attorneys].) In Austrian, the plaintiff, a professional corporation of attorneys, moved for summary judgment upon a promissory note. Defendant objected to plaintiff appearing pro se, but the court permitted plaintiff to represent itself. (See, Austrian, Lance & Stew *27 art v Hastings Props., 87 Misc 2d, at 26.) The court noted that “[t]he reason corporations are required to act through attorneys is that a corporation is a hydra-headed entity and its shareholders are insulated from personal responsibility. There must therefore be a designated spokesman accountable to the court. This reasoning does not apply in the case of a professional corporation where personal liability attaches and each member (in this case a law firm) is qualified to appear before the court and argue its case.” (Supra, at 26.) Here, each of AKO’s members is a licensed and accountable officer of the court, with authority to appear before it. Accordingly, the rationale for barring corporations from appearing pro se, namely that nonlawyer agents are not accountable to the court, is inapplicable to the members of AKO.
Plaintiff cites We’re Assocs. Co. v Cohen, Stracher & Bloom (65 NY2d 148 [1985]) to support his contention that AKO cannot appear by its member attorneys, because the members cannot be held individually liable in this action, but plaintiffs reliance on the case is misplaced. In We’re Assocs., the Court held that under Business Corporation Law § 1505 (a), a professional services corporation’s shareholders cannot be held personally liable for an ordinary business debt of the corporation. (65 NY2d, at 150-153.) Plaintiff points out that, like the professional services corporation members in We’re Assocs., AKO’s member attorneys cannot be held personally liable to plaintiff, but that has no bearing on whether AKO can represent itself through those members. Pursuant to CPLR 321 (a), the members’ status as licensed attorneys enables them to appear for AKO, whether or not the members could be held liable in this action.
Disqualifying Doyle
AKO’s ability to appear pro se does not resolve the issue of whether Doyle should be disqualified from appearing for AKO, due to his personal involvement in the underlying dispute. When a court appearance is necessary, an individual AKO attorney must be present. Should this matter go to trial, individual AKO attorneys will examine and cross-examine witnesses. Furthermore, under Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (a), all court papers must be signed by an individual attorney or an unrepresented party. Therefore, the issue of whether DR 5-102 bars Doyle from appearing in court for AKO and signing papers on its behalf remains.
*28 DR 5-102 (a) and (c)
DR 5-102 (a) and (c) (22 NYCRR 1200.21 [a], [c]) state, in pertinent part, as follows:
“(a) A lawyer shall not act, or accept employment that contemplates the lawyer’s acting, as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client * * *
“(c) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client, the lawyer shall not serve as an advocate on issues of fact before the tribunal.”
Plaintiff asserts that AKO should call Doyle as a witness, and therefore Doyle should be disqualified under DR 5-102. In opposition, AKO claims that its evidence will be comprised of AKO’s records and the testimony of plaintiff and other witnesses, and that Doyle’s testimony is unnecessary. Were the pro se defendant not a corporation of attorneys, AKO’s ability to determine who it should call as witnesses on its behalf, without unduly relying on Doyle’s legal advice, might be of greater concern. Here AKO can seek advice from any number of its member attorneys; for that reason, Doyle need not be disqualified pursuant to DR 5-102 (a) and (c).
DR 5-102 (b) and (d)
DR 5-102 (b) and (d) (22 NYCRR 1200.21 [b], [d]) state as follows:
“(b) Neither a lawyer nor the lawyer’s firm shall accept employment in contemplated or pending litigation if the lawyer knows or it is obvious that the lawyer or another lawyer in the lawyer’s firm may be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony would or might be prejudicial to the client * * *
“(d) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in his or her firm may be called as a witness on a significant issue other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client at which point the lawyer and the firm must withdraw from acting as an advocate before the tribunal.”
Toren argues that Doyle should be disqualified, because it is likely that plaintiff will call Doyle as a witness, and the latter’s *29 testimony is likely to be prejudicial to AKO. For example, Toren states that Doyle was a member of AKO’s Executive Committee for most, if not all, of the time that plaintiff served “of counsel” to AKO. Toren claims that he repeatedly protested to the Executive Committee and to Doyle concerning AKO’s alleged failure to make timely or complete payments to him. Toren also submits his memorandum addressed to Larry Kill, dated February 18, 1998, which was copied to Doyle, concerning allegedly overdue payments from AKO. It is not apparent why Toren sent a copy to Doyle, since Doyle claims he had no personal involvement with AKO’s dealings with plaintiff before September 1999, when Glatzer asked him to speak with plaintiff’s representative. Moreover, plaintiff does not specify how Doyle’s testimony with respect to matters prior to September 1999 would be prejudicial to AKO.
While Doyle’s admitted involvement as of September 1999 raises concerns, plaintiff has failed to establish that Doyle’s testimony might be so prejudicial to AKO as to warrant his disqualification at this time. From September 1999 on, Doyle negotiated with plaintiff 'on behalf of AKO, and Doyle signed the September 1999 Agreement on behalf of AKO. However, AKO insists that, even with respect to those dealings, Doyle’s testimony would not be prejudicial to AKO. Although, in his affidavit, Toren states in a topic heading that Doyle “ [a] cknowledged AKO’s breach of [the September 1999 Agreement],” plaintiff does not quote any acknowledgment. Plaintiff also states that, during a November 11, 1999 meeting between Doyle and Toren, “Doyle (a) requested information from me concerning AKO’s accounting errors in calculating the [payment] owing to me and agreed he would try to correct those errors, and (b) requested my assistance in collecting additional funds for AKO from clients for services rendered and disbursements incurred prior to May 28, 1999,” but it is unclear whether Doyle conceded that AKO had made accounting errors, or whether Toren is characterizing Doyle’s requests as concessions. Nothing contained in the letter from Doyle to Toren dated November 23, 1999, confirming their discussions of November 11, 1999, or either of two letters from Toren to Doyle, dated November 12 and November 24, 1999, supports plaintiff’s position that Doyle acknowledged AKO’s error, or that Doyle’s testimony would be adverse to AKO’s position. Where a party seeking disqualification does not clearly show that the opposing counsel’s projected testimony will be adverse to the counsel client, disqualification is unwarranted. (See, S & S *30 Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 446 [1987]; Luk Lamellen v Kupplungsbau GmbH v Lerner, 167 AD2d 451, 452-453 [2d Dept 1990]; Ocean-Clear, Inc. v Continental Cas. Co., 94 AD2d 717, 719 [2d Dept 1983].)
Accordingly, plaintiffs motion for disqualification of Doyle is denied and Anderson, Kill & Olick, P. C., may continue to represent itself.