OPINION OF THE COURT
Manuel J. Mendez, J.
*276 Defendant moves for an order disqualifying the firm of Baker, Barshay & Neuwirth, LLP from continuing to represent the plaintiff in this action. Defendant alleges that the firm is in violation of Code of Professional Responsibility DR 5-102 (22 NYCRR 1200.21) and must be disqualified from representing the plaintiff because one of its members ought to be called as a witness in the proceeding.
Facts
Plaintiff, a medical services provider, provides medical services to individuals and bills the insurance carriers under the state No-Fault Law. Following rendition of the services, plaintiff prepares and generates a bill which is subsequently mailed by the firm to the defendant insurer. The bills are mailed by a “mailroom employee” and are accompanied by a letter, on the firm’s letterhead which states the following:
“Please be advised that this office has been retained by the above referenced medical provider concerning the attached claim. We hereby submit herewith the bill for payment and the claimant’s application for No-Fault benefits (NF-2) as applicable. Accordingly, please forward all future correspondence to our attention.
“Pursuant to New York State Insurance Law, you are required to pay this bill within 30 days of receipt. Please make this payment payable to the above referenced provider, c/o this office.
“All correspondence including payment, EOB’s, verification requests, etc. must be mailed directly to this office. Failure to do so may result in unnecessary litigation.” (Emphasis added.)
The letter is unsigned.
Defendant maintains that the firm engages in the crucial activities of preparing the mailing, effectuating the mailing, maintaining records of the mailing, maintaining records and requests for verification and all other essential facets of “processing” the claim. The only witnesses who can offer testimony sufficient to establish a prima facie case in this matter are from the firm.
The firm counters that the fact that a nonattorney member may be called to testify on plaintiffs behalf is not a violation of the disciplinary rules disqualifying it from representing plaintiff.
Legal Analysis
DR 5-102, codified as 22 NYCRR 1200.21, reads as follows:
*277 “(a) A lawyer shall not act, or accept employment that contemplates the lawyer’s acting, as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client, except that the lawyer may act as an advocate and also testify:
“(1) If the testimony will relate solely to an uncontested issue.
“(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
“(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or the lawyer’s firm to the client.
“(4) As to any matter, if disqualification as an advocate would work a substantial hardship on the client because of the distinctive value of the lawyer as counsel in the particular case.
“(b) Neither a lawyer nor the lawyer’s firm shall accept employment in contemplated or pending litigation if the lawyer knows or it is obvious that the lawyer or another lawyer in the lawyer’s firm may be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony would or might be prejudicial to the client.
“(c) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client, the lawyer shall not serve as an advocate on issues of fact before the tribunal, except that the lawyer may continue as an advocate on issues of fact and may testify in the circumstances enumerated in paragraphs (a)(1) through (4) of this section.
“(d) If after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in his or her firm may be called as a witness on a significant issue other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client at which point the lawyer and the firm must *278 withdraw acting as an advocate before the tribunal.” (Emphasis added.)
The advocate-witness disqualification rules contained in the Code of Professional Responsibility provide guidance, not binding authority, for courts in determining whether a party’s law firm, at its adversary’s instance should be disqualified during litigation. Courts must consider such factors as the party’s valued right to choose its own counsel, and the fairness and effect in the particular factual setting granting disqualification or continuing representation (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437 [1987]). Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary (J. P. Foley & Co. v Vanderbilt, 523 F2d 1357 [2d Cir 1975]), and where the party seeking disqualification clearly shows that the opposing counsel’s projected testimony will be adverse to the client (Toren v Anderson, Kill & Olick, 185 Misc 2d 23 [2000]; S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra; Broadwhite Assoc, v Truong, 237 AD2d 162 [1st Dept 1997]).
Courts must apply the factors enumerated in the disciplinary rule on a case-by-case basis to determine if disqualification is warranted. Thus, courts have denied disqualification when an attorney’s projected testimony was not shown to be “sufficiently” adverse to the factual assertions or account of events offered on behalf of the client (Freeman v Kulicke & Soffa Indus., Inc., 449 F Supp 974, 977 [1978], affd 591 F2d 1334 [3d Cir 1979]; Ocean-Clear, Inc. v Continental Cas. Co., 94 AD2d 717 [2d Dept 1983]). Courts have granted disqualification when a member of the law firm representing the defendant will be called to testify at trial concerning the timely rendering of proof of loss and evidence will be offered in opposition to that testimony (Solomon v New York Prop. Ins. Underwriting Assn., 118 AD2d 695 [1986]); when the attorney may be called as a witness by the petitioner and her testimony “may be” prejudicial to her client (Matter of Stober v Gaba & Stober, 259 AD2d 554, 554-555 [2d Dept 1999]); and in an action to recover a real estate commission when plaintiffs counsel would likely be called to testify with respect to his revival of a contract which was central to plaintiffs theory of recovery (Bridges v Alcan Constr. Corp., 134 AD2d 316 [2d Dept 1987]).
In each of these cases, the Appellate Division has found the trial court’s decision not to be an abuse of discretion warranting reversal. In such situations, the court’s function is to take such *279 action as is necessary to insure the proper representation of the parties and fairness in the conduct of the litigation (Solomon v New York Prop. Ins. Underwriting Assn., supra; Renault, Inc. v Auto Imports, 19 AD2d 814 [1963]), and to avoid placing the attorney in the awkward position of testifying on his client’s behalf and arguing the credibility of his own testimony at trial (Skiff-Murray v Murray, 3 AD3d 610 [3d Dept 2004]).
However, a law firm may continue representing a client even if one of its attorneys ought to be called as a witness (Talvy v American Red Cross in Greater N.Y., 205 AD2d 143 [1994], affd 87 NY2d 826 [1995]). There is nothing in defendant’s moving papers to identify which of the attorneys of the firm would be called to testify or to support the conclusion that any attorney of the firm ought to be called to testify. If such conclusion were to be supported and an attorney identified, that alone would not warrant the court’s granting disqualification. There are other attorneys in the firm that can act as advocates and whose testimony would not be necessary, precluding disqualification of the firm (Matter of Owen & Mandolfo, Inc. v Davidoff of Geneva, Inc., 197 AD2d 370 [1993]; Kaplan v Maytex Mills, 187 AD2d 565 [1992]; Mulhern v Colder, 196 Misc 2d 818 [2003]).
The moving papers make no reference to an attorney of the firm testifying. They only refer to the testimony of an “employee” of the firm whose testimony would be necessary in establishing the elements of plaintiffs prima facie case. This firm employee will testify consistent with plaintiff’s position, not contrary to it (see Toren v Anderson, Kill & Olick, supra-, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra; Broad-white Assoc, v Truong, supra).
Furthermore, a strict reading of DR 5-102 shows that the rule refers to lawyers and not to “lawyers, their agents, servants, or employees.” From this, we may infer that the disqualification rules governing lawyers do not apply to “nonlawyer” employees of a law firm (Mulhern v Colder, 196 Misc 2d at 823, supra).
Conclusion
A clerk employed by the law firm in its mailroom, in charge of the mailing of plaintiff’s bills and proof of claim, will not cause the law firm to be disqualified from representing the plaintiff simply because the clerk’s testimony is necessary in establishing the elements of plaintiffs prima facie case.
*280 Accordingly, defendant’s motion for an order disqualifying the law firm of Baker, Barshay & Neuwirth, LLP from representing the plaintiff is denied in every respect.