■ Charles Haviv et al., Respondents, v Barry J. Bellovin, Appellant, et al., Defendants. [832 NYS2d 454]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Barry J. Bellovin appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered April 11, 2006, as granted the plaintiffs' motion pursuant to CPLR 3126 for the imposition of sanctions to the extent of striking his answer.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the

Supreme Court, Queens County, for further proceedings consistent herewith.

To impose a sanction for spoliation of evidence, it must be established that the individual to be sanctioned was responsible for the loss or destruction of evidence crucial to the establishment of a claim or defense, at a time when he was on notice that such evidence might be needed for future litigation (see *Kirschen v Marino,* 16 AD3d 555 [2005]; *Iannucci v Rose,* 8 AD3d 437 [2004]; *Baglio v St. John's Queens Hosp.,* 303 AD2d 341 [2003]).

On this record, questions exist as to the responsibility of the defendant Barry J. Bellovin for the loss or destruction of the subject medical records and whether he had notice of the need for the records in this litigation. Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a hearing on this issue and a new determination of the motion thereafter. Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.