■ BELLA B. ALOYTS et al., Respondents, v 601 TENANT'S CORP. et al., Appellants. [924 NYS2d 516]—

In an action, inter alia, in effect, to recover damages for breach of a lease, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated April 13, 2009, as granted those branches of the plaintiffs' motion which were pursuant to CPLR 3126 to impose a sanction upon them for spoliation of evidence to the extent of precluding them from either offering evidence disputing whether the defendant 601 Tenant's Corp. had been supplied with and approved plans for the alteration of the subject premises, or using the minutes of the meetings of the defendant 601 Tenant's Corp. for any purpose, and pursuant to 22 NYCRR 130-1.1 for an award of a sanction to the extent of directing them and their attorneys to pay the plaintiffs' counsel

the sum of $10,000, denied their cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), and granted that branch of their separate motion which was to disqualify the law firm representing the plaintiffs only to the extent of disqualifying one attorney.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Jeff Berger, who was the president of the Board of Directors (hereinafter the Board) of the defendant 601 Tenant's Corp., admitted that the Board maintained two sets of minutes of the meetings of the Board. The Supreme Court determined that the minutes provided by the defendants in response to discovery demands and court directives contained "significant deviations, obviously the result of deliberate modifications." We agree. Accordingly, the Supreme Court did not improvidently exercise its discretion in precluding the defendants from either offering evidence disputing whether the defendant 601 Tenant's Corp. had been supplied with and approved plans for the alteration of the subject premises, or using the minutes of the meetings of the defendant 601 Tenant's Corp. for any purpose (*see Scarano v Bribitzer*, 56 AD3d 750 [2008]; *Haviv v Bellovin*, 39 AD3d 708, 709 [2007]; *De Los Santos v Polanco*, 21 AD3d 397, 398 [2005]; *Puccia v Farley*, 261 AD2d 83, 85 [1999]; *Squitieri v City of New York*, 248 AD2d 201, 202 [1998]; *DeGennaro v Robinson Textiles*, 224 AD2d 574 [1996]).

In addition, the Supreme Court did not improvidently exercise its discretion in directing the defendants and their counsel to pay the plaintiffs' counsel the sum of $10,000 as a sanction, as they engaged in conduct "completely without merit in law" or fact, which was "undertaken primarily to delay or prolong the resolution of the litigation," and asserted "material factual statements" that were false (22 NYCRR 130-1.1 [a], [c] [1], [2], [3]).

The Supreme Court correctly denied the defendants' cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]; *Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409 [2001]; *Leon v Martinez*, 84 NY2d 83 [1994]; *Symbol Tech., Inc. v Deloitte & Touche, LLP*, 69 AD3d 191, 193-194 [2009]).

Finally, the Supreme Court correctly disqualified one of the attorneys employed by the law firm representing the plaintiffs, rather than the law firm itself (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7; *Gulino v Gulino*, 35 AD3d 812 [2006]; *Davin v JMAM, LLC*, 27 AD3d 371 [2006]; *Talvy v American Red Cross in Greater N.Y.*, 205 AD2d 143, 152 [1994],

*affd* 87 NY2d 826 [1995]; *Kaplan v Maytex Mills*, 187 AD2d 565, 566 [1992]). Covello, J.P., Chambers, Lott and Miller, JJ., concur. **[Prior Case History: 23 Misc 3d 1108(A), 2009 NY Slip Op 50638(U).]**