# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**265**

**CA 14-01716**

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

GREGORY MILLER, PLAINTIFF-RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

WEBB OF BUFFALO, LLC,
DEFENDANT-RESPONDENT-APPELLANT,
BURKE HOMES, LLC, AND TIME WARNER CABLE, INC.,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

BURDEN, GULISANO & HICKEY, LLC, BUFFALO (ASHLYN N. MAUSOLF OF
COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT BURKE HOMES, LLC.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF
COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT TIME WARNER CABLE, INC.

COHEN & LOMBARDO, P.C., BUFFALO (ERIN E. COLE OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT.

PAUL WILLIAM BELTZ, P.C., BUFFALO (BRIAN R. HOGAN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeals and cross appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered December 3, 2013. The order denied the motion and cross motions of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion and cross motions are granted, and the complaint and cross claims are dismissed.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from a first floor windowsill of a building undergoing renovation and conversion into commercial and residential space. At the time of the accident, plaintiff was employed by a subcontractor that was hired by defendant Time Warner Cable, Inc. (Time Warner), to perform cable installation work at the building. As part of that work, plaintiff was instructed to run a ground wire from a room on the first floor to a lockbox on the exterior of the building. He was unable to locate anyone with a key to the building and therefore used a ladder to enter the room through a window. While plaintiff was completing his task inside the room, his coworkers removed the ladder. According to plaintiff, he was told that the ladder would be returned in a couple of minutes, and he decided to straddle the windowsill while he waited

for the ladder.  As he sat on the windowsill, plaintiff leaned out to say something to his coworkers, lost his balance, and fell to the ground below.

Supreme Court erred in denying the motion of defendant Burke Homes, LLC, and the cross motions of defendants Webb of Buffalo, LLC, and Time Warner seeking summary judgment dismissing the complaint and cross claims against them.  Defendants met their burden of establishing as a matter of law that plaintiff's conduct was the sole proximate cause of the accident, and plaintiff failed to raise a triable issue of fact (*see Nalepa v South Hill Bus. Campus, LLC*, 123 AD3d 1190, 1193; *Kerrigan v TDX Constr. Corp.*, 108 AD3d 468, 471, *lv denied* 22 NY3d 862; *Capellan v King Wire Co.*, 19 AD3d 530, 532).  Defendants established that there was no causal relationship between any duties owed by them to plaintiff pursuant to the Labor Law or the common law and the injuries plaintiff sustained, and that they could not reasonably have foreseen that a person in plaintiff's circumstances would not wait for the ladder inside the building (*see Mack v Altmans Stage Light. Co.*, 98 AD2d 468, 472).  Before he decided to straddle the windowsill, " '[p]laintiff was not in an emergent situation.  He was in a position of absolute safety, although subject to inconvenience' " (*id*., quoting *Guida v 154 W. 14th St. Co.*, 13 AD2d 695, 696, *affd* 11 NY2d 731).  Plaintiff was aware that the ladder would be returned "when he decided to put his safety at risk" by straddling the windowsill, and plaintiff's conduct thus superseded any alleged breach of duty by defendants "and terminated defendants' liability for his injuries" (*Egan v A.J. Constr. Corp.*, 94 NY2d 839, 841; *see Misirlakis v East-Coast Entertainment Props.*, 297 AD2d 312, 312, *lv denied* 100 NY2d 637; *Mack*, 98 AD2d at 472-473).

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court