In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered May 21, 2015, as granted those branches of his separate motions which were to impose sanctions on the defendants for failure to respond to discovery demands only to the extent of directing the defendants to respond to all outstanding discovery demands, including depositions and notices to produce, within 60 days after the date of the order or be precluded from offering any evidence as to liability and damages at trial and otherwise denied those branches of the motions, and denied those branches of his motions which were to impose sanctions on the defendants for spoliation of evidence.
 

 Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provisions thereof denying those branches of the plaintiff’s separate motions which were to impose sanctions on the defendants for spoliation of evidence; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, payable by the defendants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on those branches of the plaintiff’s separate motions which were to impose sanctions on the defendants for spoliation of evidence, and a new determination of those branches of the motions thereafter.
 

 This action arises from a motor vehicle accident which occurred on September 15, 2010, at the intersection of Woodside Avenue and 76th Street in Queens. The two vehicles involved, a van and an ambulance, collided in the middle of the intersection. The force of the impact caused the van to tip over onto the plaintiff’s decedent, who had been standing on the sidewalk at the intersection, resulting in his death.
 

 In December 2011, the plaintiff commenced this action against the City of New York, the New York City Fire Department, and Valerie Vera-Tudela, the driver of the ambulance (hereinafter collectively the City defendants), as well as Emkay, Inc. (Illinois), a/t/d/b/a Emkay, Inc., Trust, Emkay, Inc., Trust, a/t/d/b/a Emkay, Inc. (Illinois), the owner of the van, Stuart Dean Company, the lessee of the van, and Jimmy Barrera, the driver of the van (hereinafter collectively the van defendants), seeking, inter alia, to recover damages for wrongful death.
 

 On January 28, 2014, the plaintiff served on the City defendants combined demands and a notice to produce the event data recorder (hereinafter the EDR) for the ambulance. On the same date, the plaintiff served on the van defendants combined demands and a notice to produce the EDR for the van. After receiving no response from either set of defendants, the plaintiff made separate motions, inter alia, to impose sanctions based on the defendants’ failure to respond to discovery demands and their spoliation of the EDRs. The Supreme Court granted those branches of the plaintiff’s motions which sought sanctions for failure to respond to discovery demands only to the extent of directing the defendants to comply with all outstanding discovery demands, including the notices to produce, within 60 days after the date of the order or be precluded from offering any evidence as to liability and damages at trial and otherwise denied those branches of the motions, and denied those branches of the motions which sought sanctions for spoliation of evidence. The plaintiff appeals.
 

 “ ‘Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126’ ” (Samaroo v Bogopa Serv. Corp., 106 AD3d 713, 713-714 [2013], quoting Holland v W.M. Realty Mgt, Inc., 64 AD3d 627, 629 [2009]). “ ‘[T]he Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence’ and may, ‘under appropriate circumstances, impose a sanction even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided the spoliator was on notice that the evidence might be needed for future litigation’ ” (Doviak v Finkelstein & Partners, LLP, 137 AD3d 843, 846 [2016], quoting Biniachvili v Yeshivat Shaare Torah, Inc., 120 AD3d 605, 606 [2014]).
 

 As the party seeking sanctions for spoliation, the plaintiff was required to demonstrate “that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party’s claim . . . such that the trier of fact could find that the evidence would support that claim” (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015] [internal quotation marks omitted]; see Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1032 [2017]; VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [2012]). “Where the evidence is determined to have been intentionally or wilfully destroyed, the relevancy of the destroyed [evidence] is presumed. On the other hand, if the evidence is determined to have been negligently destroyed, the party seeking spoliation sanctions must establish that the destroyed [evidence was] relevant to the party’s claim or defense” (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548 [citation omitted]).
 

 Here, the plaintiff argued that because neither the City defendants nor the van defendants responded to his notices to produce or provided explanations as to why the EDRs were not produced, the nonproduction of the EDRs must have resulted from the negligent or intentional loss of the EDRs. In opposition to the plaintiff’s motions, the City defendants maintained that the ambulance was not equipped with an EDR, and the van defendants contended that the EDR was destroyed when the van was scrapped after the accident. The plaintiff attempted to refute these claims by submitting a letter from the manufacturer of the ambulance involved in the accident indicating that the ambulance was equipped with an EDR. The plaintiff also submitted photographs, which purportedly depict the van after the accident with no discernible damage.
 

 The parties’ submissions raised factual issues as to whether the ambulance was equipped with an EDR, when and how the EDRs were destroyed, whether the defendants were on notice that the EDRs might be needed for future litigation, whether the defendants acted intentionally, and to the extent any disposal of the EDRs was not intentional, whether the evidence contained in each EDR was relevant to proving the plaintiff’s case, as well as what sanction, if any, should be imposed. Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a hearing on these issues and a new determination on the branches of the plaintiff’s motions which were to impose sanctions against the defendants for spoliation of the EDRs (see Haviv v Bellovin, 39 AD3d 708, 709 [2007]).
 

 The Supreme Court providently exercised its discretion in directing the defendants to respond to all other outstanding discovery demands, including depositions and notices to produce, within 60 days after the date of the order, or be precluded from offering any evidence as to liability and damages at trial.
 

 To the extent the plaintiff raises issues regarding that branch of his motion which was to impose sanctions against the law firm representing the van defendants, that branch of his motion was not addressed by the Supreme Court in the order appealed from and, thus, remains pending and undecided (see Magriples v Tekelch, 53 AD3d 532 [2008]; Moncrief v DiChiaro, 52 AD3d 789 [2008]; Katz v Katz, 68 AD2d 536 [1979]).
 

 Dillon, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.