Dziadaszek v Legacy Stratford, LLC (2019 NY Slip Op 08029)





Dziadaszek v Legacy Stratford, LLC


2019 NY Slip Op 08029


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


924 CA 19-00099

[*1]MARK J. DZIADASZEK AND DEBRA J. DZIADASZEK, INDIVIDUALLY AND AS HUSBAND AND WIFE, PLAINTIFFS-APPELLANTS,
v
LEGACY STRATFORD, LLC, FAC DOWNTOWN, LLC, ALGECO SCOTSMAN, LLC, WILLIAMS SCOTSMAN, INC., LEGACY BUILDING CO., LLC, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






JOSEPH E. DIETRICH, III, WILLIAMSVILLE, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
GOLDBERG SEGALLA LLP, BUFFALO (SHARON ANGELINO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered July 17, 2018. The order, insofar as appealed from, granted the motion of defendants Legacy Stratford, LLC, FAC Downtown, LLC, and Legacy Building Co., LLC, and the cross motion of defendants Algeco Scotsman, LLC, and Williams Scotsman, Inc., for summary judgment and denied the cross motion of plaintiffs for, inter alia, sanctions for spoliation. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying in part the motion of defendants Legacy Stratford, LLC, FAC Downtown, LLC, and Legacy Building Co., LLC and the cross motion of defendants Algeco Scotsman, LLC and Williams Scotsman, Inc., and reinstating the Labor Law §§ 200 and 240 (1) and common-law negligence claims against those defendants, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Mark J. Dziadaszek (plaintiff) when he fell to the ground after opening and exiting the door of a construction trailer in an attempt to stop a coworker from performing improper work. The exterior door that plaintiff exited was one of two doors on the trailer and did not have stairs attached. Legacy Stratford, LLC owned the construction site at issue, FAC Downtown, LLC is a member of Legacy Stratford, LLC and Legacy Building Co., LLC (Legacy Development) was the general contractor for the project (collectively, Legacy defendants). Algeco Scotsman, LLC and Williams Scotsman, Inc. (collectively, Scotsman defendants) leased the construction trailer to Legacy Development. In their amended complaint, plaintiffs asserted claims for common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6).
The Legacy defendants moved and the Scotsman defendants cross-moved for, inter alia, summary judgment dismissing the amended complaint against them on the ground that plaintiff was the sole proximate cause of his injuries. Plaintiffs cross-moved for, inter alia, spoliation sanctions against the Legacy defendants. Supreme Court granted the respective motion and cross motion of the Legacy defendants and the Scotsman defendants (collectively, defendants) and denied plaintiffs' cross motion.
We note at the outset that plaintiffs have abandoned any contention with respect to the propriety of the court's dismissal of the Labor Law § 241 (6) claim (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We agree with plaintiffs that the court erred in granting defendants' motion and cross [*2]motion with respect to the Labor Law
§ 240 (1) claim, and we therefore modify the order accordingly. Defendants failed to establish as a matter of law that plaintiff's actions were the sole proximate cause of the accident, i.e., that there was a staircase by which plaintiff could have exited the trailer, that he knew that a staircase was available and that he was expected to use it, that he chose for "no good reason" not to use it and that, if he had not made that choice, he would not have been injured (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]; see also Lopez v Fahs Constr. Group, Inc., 129 AD3d 1478, 1479 [4th Dept 2015]). For the same reason, we conclude that the court erred in granting defendants' motion and cross motion with respect to the claims under Labor Law § 200 and common-law negligence (cf. Dos Anjos v Palagonia, 165 AD3d 626, 627 [2d Dept 2018]; Miller v Webb of Buffalo, LLC, 126 AD3d 1477, 1478 [4th Dept 2015], lv denied 26 NY3d 903 [2015]; Kerrigan v TDX Constr. Corp., 108 AD3d 468, 471 [1st Dept 2013], lv denied 22 NY3d 862 [2014]). We therefore further modify the order accordingly.
We reject plaintiffs' contention, however, that the court erred in denying that part of their cross motion seeking spoliation sanctions against the Legacy defendants. As the moving parties, plaintiffs had the burden of establishing "that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind,' and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense' " (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [2015]). "In the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (Sanders v 210 N. 12th St., LLC, 171 AD3d 966, 968 [2d Dept 2019]). Here, we conclude that plaintiffs failed to establish that the Legacy defendants intentionally or negligently disposed of the evidence at issue, i.e., the video footage from the construction trailer. The record conclusively establishes that the footage was automatically overwritten within 17 days of the accident and several months before plaintiffs commenced the action. Additionally, the record does not show that plaintiffs made an affirmative request for any video footage until nearly two and a half years after the accident. Under these circumstances, the court did not abuse its discretion in declining to impose a spoliation sanction (see Bill's Feed Serv., LLC v Adams, 132 AD3d 1400, 1401 [4th Dept 2015]; see also Sanders, 171 AD3d at 968). We similarly reject plaintiffs' contention that remittal for a hearing on that issue is necessary (cf. Saeed v City of New York, 156 AD3d 735, 736-737 [2d Dept 2017]).
Finally, plaintiffs' request to strike the Legacy defendants' affirmative defense regarding workers' compensation exclusivity is not properly before us inasmuch as it was raised for the first time on appeal (see Ciesinski, 202 AD2d at 985).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court